## SYRACUSE SAVINGS BANK, RESPONDENT, v. THE TOWN OF SENECA FALLS, APPELLANT.

*Town bonding—effect of chapter 925 of 1871, on chapter 907 of 1869—power of the commissioners to prescribe the time when the bonds shall become due.*

On July 1, 1871, bonds of the town of Seneca Falls, to aid in the construction of a railroad, were issued by commissioners appointed by a judgment entered on August 26, 1870, in proceedings instituted under chapter 907 of 1869.

*Held,* that the passage, on May 12, 1871, of chapter 925 of 1871, amending the act of 1869, did not nullify or avoid the judgment previously entered, nor take away from the commissioners appointed thereby, the power to subscribe for stock or issue the bonds of the town.

So much of section 4 of chapter 907 of 1869, as provided that the bonds issued thereunder should become due and payable at the expiration of thirty years from their date, was not repealed by implication, by the additional clause added thereto by chapter 925 of 1871, and under the amended section the commissioners may make the bonds to be issued by them payable thirty years from their date, or at any time less than thirty years, but in the former case all the bonds must be made payable at one time, and in the latter, the times for their payment must be so distributed

over the said space of thirty years, as that not more than ten per cent. of the entire principal will become due in any one year.

APPEAL from an order of the Onondaga Special Term, and the judgment entered thereon, sustaining a demurrer to the answer to the complaint herein.

*Comstock & Bennett,* for the appellant.

*Hiscock, Gifford & Doheny,* for the respondent.

SMITH, J.:

The action was brought to recover the amount due on certain interest coupons of certain bonds issued by the Town of Seneca Falls in aid of the construction of the Pennsylvania and Sodus Bay Railroad. The proceedings to issue the bonds were duly commenced under the bonding act of 1869 (ch. 907), and judgment was entered therein on August 26, 1870, and on that day commissioners to issue the bonds were duly appointed. The bonds were issued July 1, 1871, and they bear date of that day. They are of $1,000 each; they amount to $200,000; and they are all made payable at one time, to wit, thirty years from their date. The act of 1871, amending the bonding act of 1869, was passed on May 12, 1871, and took effect on that day (Laws of 1871, ch. 925), prior to the issuing of the bonds in question.

There are only two questions in the case, and they arise upon the construction of the act of 1871. It is argued by the appellant's counsel that the act of 1871 repealed so much of the act of 1869, as that it destroyed the force and effect of the judgment of the county judge, and took away the power of the commissioners thereby appointed, to subscribe for stock or to issue bonds in pursuance of the act of 1869, and that it did not confer any authority upon the commissioners to do either of those things in pursuance of its own provisions. Without adverting particularly to the changes wrought by the amendment referred to, so far as they bear upon the point above stated, it is enough to say that this identical question was recently decided by us adversely to the views of the appellant in the case of *Angel* v. *Town of Hume.* (17 Hun, 374.) We regard that case as decisive of the point.

The other question relates to the power of the commissioners as to the time when they may make the bonds payable. Section 4 of the act of 1869 provided on that subject that "such bonds shall become due and payable at the expiration of thirty years from their date." The same section, as amended in 1871, retained those words, and contained a separate clause at the end of the section, in the following words: "The said commissioners may issue the said bonds, payable at any time they may elect, less than thirty years, any law heretofore passed to the contrary, but they shall not so issue said bonds that more than ten per cent. of the principal of the whole amount of bonds issued shall become due or payable in any one year." This provision, the appellant insists, is a repeal of the former. We think not. The two may well stand together, and that being the case, an intention to repeal is not to be implied. Read together, they empowered the commissioners to make the bonds payable thirty years from date, *or* at any time less than thirty years, as they should elect; but in the former case, the bonds were all to be made payable at one time, and in the latter case, they were to be distributed in point of the time of maturing so that not more than ten per cent. of the entire principal would become due in any one year. In issuing the bonds in question the commissioners pursued the former alternative.

The order and judgment should be affirmed.

TALCOTT, P. J., and HARDIN, J., concurred.

Judgment and order affirmed.